**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| YI LIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-07-382-F |
| | ) |
| MICHAEL CHERTOFF, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, Yi Lin, a Chinese citizen, commenced this action against defendants on April 2, 2007, requesting the court to properly adjudicate plaintiff's Application to Adjust Status to Permanent Resident Status, an I-485 application, and require defendants to provide plaintiff with a Notice of Approval.  In his complaint, plaintiff alleges that he filed his application with the United States Citizenship and Immigration Services (USCIS) Texas Service Center on March 2, 2005, and submitted fingerprints to USCIS on two different dates, May 26, 2005, and December 14, 2006.  Plaintiff also alleges that he called the Texas Service Center in June and October of 2006 and in February of 2007 to inquire as to the status of his application.  According to plaintiff, the Texas Service Center informed him that USCIS had not completed his security check.  The Texas Service Center also informed plaintiff that no definite indication could be given as to when the security check would be completed.  Plaintiff alleges that defendants have failed to properly adjudicate his application and have improperly delayed the processing of the application.  Plaintiff alleges that the court

has jurisdiction under 28 U.S.C. § 1331 and § 1361. 5 U.S.C. § 701, *et seq.*, and 28 U.S.C. § 2201.

On June 29, 2007, defendants filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b), on the basis that the court lacks subject matter jurisdiction over this action. Initially, defendants point out that the adjustment of an alien's status is within defendants' discretion, citing 8 U.S.C. § 1255(a), and that the promulgated regulations relating to the adjustment process do not set a time frame for adjudication by defendants. Defendants, however, also assert that Congress has specifically divested the courts of reviewing decisions or actions relating to status applications under 8 U.S.C. §1252(a)(2)(B) and § 1252(g). Defendants additionally contend that plaintiff has failed to invoke the court's subject matter jurisdiction. Specifically, defendants contend that 28 U.S.C. § 1331 and § 1361 contain no waiver of the government's sovereign immunity. They also assert that mandamus relief sought under section 1361 is not appropriate because no clear nondiscretionary duty exists to process plaintiff's application. In addition, defendants assert that the Declaratory Judgment Act, 28 U.S.C. § 2201, neither grants subject matter jurisdiction nor waives sovereign immunity. Defendants further contend that the Administrative Procedure Act ("APA"), 5 U.S.C. § 701(a), precludes judicial review, because 8 U.S.C. § 1255(a), relating to adjustment of status, specifically precludes judicial review. Furthermore, defendants assert that the APA precludes judicial review because the application for adjustment of status is a matter, as previously stated, committed to agency discretion and an aggrieved person is not entitled to review under the APA of an agency action committed to agency discretion. Finally, defendants contend that the delay in processing plaintiff's application is not unreasonable under 8 C.F.R. § 103.2(b)(18).

Although not discussed by defendants in their motion, similar motions to dismiss have been denied by Judge David Russell. *See*, Zhang v. Chertoff, Case No. CIV-07-235-R, Order (doc. no. 11) (W.D. Okla. June 27, 2007); Feng v. Chertoff, Case No. CIV-07-107-R, Order (doc. no. 15) (W.D. Okla. June 5, 2007), Abachi v. Chertoff, Case No. CIV-06-1306-R, Order (doc. no. 10) (W.D. Okla. April 19, 2007). Judge Russell following the majority of courts concluded that jurisdiction exists under section 1331 and the APA to compel the USCIS to act on a status application if the USCIS's delay in acting is unreasonable. Zhang, Order at p. 4; Feng, Order at p. 7; Abachi, Order at pp. 3-4. Judge Russell also concluded section 1252(a)(2)(B) and section 1252(g) do not divest the court of jurisdiction in such circumstances. Zhang, Order at p. 4; Feng, Order at pp. 5-6; Abachi, Order at pp. 5-6. The court also concluded that the APA, specifically 5 U.S.C. § 706(1), provides a waiver of sovereign immunity. Zhang, Order at p. 4. The court concurs in the analyses and conclusions of Judge Russell.

In this case, plaintiff's application for adjustment of status has been pending over two years. The court finds that plaintiff has made a prima facie showing that defendants' delay in processing his application is unreasonable. *See*, Zhang, Order at p. 4 (prima facie case that a nearly two-year delay in processing application is unreasonable); *see* also, Elmalky v. Upchurch, 2007 WL 944330 at *6 (N.D. Tex. Mar. 28, 2007) (prima facie case that a nearly three-year delay is unreasonable and noting that some courts have found delays as little as two years unreasonable). Although defendants have submitted a personal declaration of Naboone Puripongs, a supervisor with the Texas Service Center, defendants have not submitted any evidence that they exercise any discretion pursuant to 8 C.F.R. § 103.2(b)(18) to hold

3

adjudication of plaintiff's application in abeyance for any period. The court finds that it has subject matter jurisdiction to entertain plaintiff's mandamus complaint.

Accordingly, Defendants' Motion to Dismiss, filed June 29, 2007 (doc. no. 14), is **DENIED**.

DATED August 8, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0382p003(pub).wpd